UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SCOTT DAVIS, II,

                Plaintiff,

-against-

RHONDA AGUSTOS-FERGUSON, ET AL.,

                Defendants.

17-CV-0064 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently in the custody of the U.S. Bureau of Prisons pursuant to his conviction in *United States v. Davis*, No. 14-CR-240 (E.D.N.C. Mar. 29, 2018), filed this action *pro se*. On January 5, 2017, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(g), relying on *Davis v. State of North Carolina*, No. 2:16-CV-549 (MSD) (DEM) (E.D. Va. Oct. 4, 2016). On January 23 and 27, 2017, Plaintiff filed motions for reconsideration, arguing that he did not qualify as a prisoner for purposes of 28 U.S.C. § 1915(h). (ECF Nos. 4-5.) After careful consideration, on January 30, 3017, the Court rejected Plaintiff's argument, concluding that he did qualify as a prisoner when he filed this action because the criminal charges against him remained pending at the time. Plaintiff then filed four more motions seeking reconsideration of the order of dismissal (ECF Nos. 7-10), and by order dated February 23, 2017, the Court denied those motions. Plaintiff then filed three additional motions to reconsider the order of dismissal (ECF Nos. 17-19), and a motion for the appointment of counsel (ECF No. 16), all of which the Court denied on April 19, 2017.

      More than three years later, Plaintiff has filed three new motions for reconsideration and to reopen (ECF Nos. 22-24), which are now before the Court. The Court liberally construes these submissions as motions, under Rule 60(b) of the Federal Rules of Civil Procedure, for relief from

a judgment or order. After reviewing the arguments in Plaintiff's submission, the Court denies the motions.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

In his new motions for reconsideration, Plaintiff relies, among other things, on the decision in *Escalera v. Samaritan Village*, 938 F.3d 380, 382-84 (2d Cir. 2019).[1] But before Plaintiff filed this action, he already had three dismissals under § 1915A for failure to state a claim. *See Davis v. Unknown*, No. 2:16CV548, 2016 WL 9685960, at *2 (E.D. Va. Oct. 4, 2016) ("[T]his is the third action filed by [plaintiff] that has been dismissed under § 1915A for failure to state a claim."). Plaintiff makes no valid argument that the Second Circuit's decision in *Escalera* alters the conclusion that he has three strikes. The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

---

[1] *See also Davis v. Harmond*, No. CV GLR-20-1070, 2021 WL 765668, at *2 (D. Md. Feb. 26, 2021) (noting that as of October 2016, Davis had "accumulated three strikes under the PLRA" and rejecting arguments that he did not qualify as a prisoner).

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motions for reconsideration (ECF Nos. 22-24) are denied, and the Clerk of Court is directed to terminate these pending motions. Plaintiff's case in this Court under Docket No. 17-CV-0064 (CM) is closed. The Court will only accept for filing in this action documents that are directed to the Second Circuit Court of Appeals.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Dated:   July 19, 2021
         New York, New York

                                                COLLEEN McMAHON
                                          Chief United States District Judge